# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES PATRICK FINNERTY III,**

        **Plaintiff,**

**v.**                                      **Case No:   6:14-cv-2052-Orl-28KRS**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S UNCONTESTED MOTION FOR ATTORNEY'S FEES (Doc. No. 23)** |
| **FILED:** | **January 5, 2016** |

Plaintiff James Patrick Finnerty, III, seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.   A final judgment reversing the decision below was entered on December 28, 2015.   Doc. No. 22.   Counsel for Plaintiff represents that the Commissioner does not object to the relief requested.   Doc. No. 23 ¶ 10.   Thus, the motion is now ripe for consideration.

Plaintiff through Richard A. Culbertson, Esq., his counsel of record, seeks an award of $3,332.10 in EAJA fees.   *Id.* at 1.   The fee request covers 0.6 hours of work in 2014 and 1.9 hours of work in 2015 by Attorney Culbertson.   *Id.* at 2.   The request also covers 0.9 hours of work in

2014 and 7.1 hours of work in 2015 by Sarah Fay, Esq.  *Id.*  The request further encompasses 18.0 hours of work in 2015 by Michael Culbertson, a paralegal.  *Id.*

The EAJA sets a ceiling of $125.00[1] on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index ("CPI").  28 U.S.C. § 2412(d)(2)(A).  Attorney Culbertson requests a fee at the rates of $190.06 per hour for work performed in 2014 by Attorneys Culbertson and Fay; $189.67 per hour for work performed in 2015 by Attorneys Culbertson and Fay; and $75.00 per hour for all work performed by Paralegal Culbertson.  Doc. No. 23, at 8.  Attorney Culbertson provides an analysis of the cost-of-living adjustments using the CPI.  *See id.* at 9–11.  Independent calculations show that the average adjusted hourly rates for 2014 and 2015 are $190.06[2] and $189.68,[3] respectively. Accordingly, based on the cost-of-living adjustment, the requested rates of $190.06 per hour for 2014 and $189.67 per hour for 2015 do not exceed the EAJA cap of $125.00 per hour adjusted for inflation.

---

[1] Congress amended the EAJA and changed the statutory rate to $125.00 for all civil actions filed on or after March 29, 1996.  28 U.S.C. § 2412(d)(2)(A)(ii) (as amended by Pub. L. 104-121, § 232(b)(1)).

[2] The figure is calculated by taking the "Annual" CPI rate for 2014 and subtracting from it the March 1996 rate (236.736 – 155.7 = 81.036) and then dividing that number by the March 1996 rate (81.036 ÷ 155.7 = 0.5205).  These calculations result in the cost-of-living percentage increase from March 1996 through 2014.  The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.5205 × 125) + 125 = 190.06).  *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button, then check box next to "include annual averages" and click on "GO" button) (last visited January 6, 2016).

[3] The figure is calculated by taking the "HALF1" CPI rate for 2015 and subtracting from it the March 1996 rate (236.265 – 155.7 = 80.565) and then dividing that number by the March 1996 rate (80.565 ÷ 155.7 = 0.5174).  These calculations result in the cost-of-living percentage increase from March 1996 through June 2015.  The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.5174 × 125) + 125 = $189.68).  *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button) (last visited January 6, 2016).

The EAJA states that the amount of attorney's fees and costs shall be based on prevailing market rates, "except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). At least one judge of this Court has expressed concern that the maximum rates authorized by applying a cost-of-living adjustment exceed the reasonable hourly rate for work of this type. *See Coffman v. Astrue*, No. 8:07-cv-1416-T-TGW, 2008 WL 5137956 (M.D. Fla. Dec. 5, 2008). Nevertheless, because the Commissioner does not object to the hourly rate sought and because the rates of $190.06 per hour for 2014 and $189.67 per hour for 2015 are within the rates permitted by the EAJA, I recommend that the Court find that the requested rates are reasonable for those years.

The U.S. Court of Appeals for the Eleventh Circuit has recognized that fees for work by a paralegal may be recovered under the EAJA to the extent that the paralegal performs work traditionally done by an attorney. *Jean v. Nelson*, 863 F.2d 759 (11th Cir. 1988). Under the EAJA, the amount of fees awarded to non-attorneys shall be based on the prevailing market rates for the kind and quality of the services furnished. 28 U.S.C. § 2412(d)(2)(A). The summary of Paralegal Culbertson's work reflects that he performed work traditionally done by an attorney. Doc. No. 23, at 15. Plaintiff seeks a rate of $75.00 per hour for the work of Paralegal Culbertson, which I recommend that the Court find is a reasonable rate in central Florida in the absence of objection.

I also recommend that the Court find that the total number of attorney and paralegal hours worked is reasonable in the absence of objection.

Finally, I note that Plaintiff filed a retainer agreement that includes an assignment of any fees awarded under the EAJA to his counsel. Doc. No. 23-1. In the motion, Attorney Culbertson represents that the parties agree that the Commissioner will determine whether Plaintiff owes a

federal debt, and if it is determined that Plaintiff does not owe a federal debt, that the Commissioner will accept the assignment of EAJA fees.   Doc. No. 21 ¶ 8.   Because the Commissioner has taken inconsistent opinions regarding whether she will honor such an assignment, I recommend that the Court not require that the EAJA fees be paid directly to Plaintiff's counsel but permit the Commissioner to do so in her discretion.

Accordingly, I **RESPECTFULLY RECOMMEND** that Plaintiff's Uncontested Motion for Attorney's Fees (Doc. No. 23) be **GRANTED**, and the Commissioner be **ORDERED** to pay Plaintiff James Patrick Finnerty, III attorneys' fees in the total amount of $3,332.10.[4]   I further **RECOMMEND** that the Court permit the Commissioner, in her discretion, to pay all or part of the attorney's fees to Plaintiff's counsel should she determine that it is appropriate to do so.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 7, 2016.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[4] The fees are calculated as follows: ($190.06 per hour x 0.6 hours worked by Attorney Culbertson in 2014 = $114.04) + ($189.67 per hour x 1.9 hours worked by Attorney Culbertson in 2015 = $360.37) + ($190.06 per hour x 0.9 hours worked by Attorney Fay in 2014 = $171.05) + ($189.67 per hour x 7.1 hours worked by Attorney Fay in 2015 = $1346.66) + ($75.00 per hour x 18.0 hours worked by Paralegal Culbertson = $1,350.00) = $3,342.12.   However, because Plaintiff seeks only $3,332.10, that is the amount I recommend the Court award.

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy